1 COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983

2

3 Name HOLLIS    MARVIN    G          ErFiled

4    (Last)        (First)        (Initial)

5 Prisoner Number E-37508 ,    JUL 0 1 2008

6 Institutional Address P.D. BOX 3030    H.D.S.P. RICHARD W. WIEKING
CLERK, U.S. DISTRICT CT
NORTHERN DISTRICT OF CA

7    SUSANViLLe, CALiF, 96127    (PR)

8 =================================================== TEH

9                 UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA

10 MARViN GLENN HOLLis CV ) 08    3154
11 (Enter the full name of plaintiff in this action.)     )

12              vs.          )    Case No. _____
                              )    (To be provided by the clerk of court)
13 D. HeRRicK            )
                              )    COMPLAINT UNDER THE
14 T. selby            )    CIVIL RIGHTS ACT,
                              )    42 U.S.C §§ 1983
15 D. SchLiTZ            )
                              )
16 B.F. RANKiN            )
17 (Enter the full name of the defendant(s) in this action))    )

18 *[All questions on this complaint form must be answered in order for your action to proceed..]*

19 I.    Exhaustion of Administrative Remedies

20    [**Note:** You must exhaust your administrative remedies before your claim can go

21    forward. The court will dismiss any unexhausted claims.]

22    A.    Place of present confinement High desert state PRisoN

23    B.    Is there a grievance procedure in this institution?

24        YES (X)    NO ( )

25    C.    Did you present the facts in your complaint for review through the grievance

26        procedure?

27        YES (X)    NO ( )

28    D.    If your answer is YES, list the appeal number and the date and result of the

COMPLAINT                    - 1 -

★ (JONES V. BOCK 127 S. Ct. 910 (2007)) ★

1   appeal at each level of review. If you did not pursue a certain level of appeal,
2   explain why.
3       1. Informal appeal _____
4   _____
5   _____ 2. First
6   formal level_____
7   _____
8   _____
9       3. Second formal level_____
10  _____
11  _____ 4 Third
12  formal level_____
13  _____
14  _____
15  E.   Is the last level to which you appealed the highest level of appeal available to
16       you?
17           YES ☒     NO ( )
18  F.   If you did not present your claim for review through the grievance procedure,
19  explain why._____
20  _____
21  _____
22  II.   Parties
23  A.   Write your name and your present address.  Do the same for additional plaintiffs,
24       if any.
25  MARVIN GLENN HOLLIS  P.O. BOX 3030
26  SUSANVILLE, CA, 96127
27  _____
28  B.   Write the full name of each defendant, his or her official position, and his or her

COMPLAINT                          - 2 -

2006 Supp. App. 15-A, p. 29

1          place of employment.

2  D. HERRICK (L.P.T) Licensed ▮ Psychiatric Technehine,

3  T. SELby, correctional LT, D. Schlitz , correctionaL

4  officer, ALL defendants Are employed At SALiNAS

5  VALLEY State PRison. B.F. RANKIN, Captain employed

6  At SALiNAS VALLEY State PRison. _____III.

7  Statement of Claim

8        State here as briefly as possible the facts of your case.  Be sure to describe how each

9  defendant is involved and to include dates, when possible.  Do not give any legal arguments or

10 cite any cases or statutes.  If you have more than one claim, each claim should be set forth in a

11 separate numbered paragraph.

12 1.) PLAINTIFF MARVIN GLENN HOLLIS, WAS At ALL times

13 mentioned hereIN A pRisoNER OF the state. OF CALiF-

14 orNiA IN the custody OF CALiFORNiA department of

15 coRRectiONS ANd RehAbiLitAtiON At SALiNAS vALLEY

16 state pRisoN. 2.) PLAINtiFF IS CURRENtLY CoNFiNed

17 At High desert state pRison. 3.) DEFENdANt D.

18 HERRick, Is A Licensed psychiatRic TechNiciAN

19 FoR (CDC 3 R) who At ALL times meNtiONEd hEREIN

20 WAS ASSigNed to SALiNAS vALLEY state pRisoN ANd

21 Acted uNdER coLoR OF stAte LAW ANd iNstitutioNAL

22 AuthoRity IN the cApAcity oF ▮▮▮▮▮▮▮▮ (L P T).

23 this defeNdANt IS sued IN heR INdividuAL ANd

24 oFFiciAL cApAcity.

25 IV.  Relief

26       Your complaint cannot go forward unless you request specific relief.  State briefly exactly

27 what you want the court to do for you.  Make no legal arguments; cite no cases or statutes.

28 _____ *(see NeXt PAge)* _____

COMPLAINT                  - 3 -

1    1.) AWARDED REASONABLE ATTORNEY FEES AND COST.

2    2.) A DECLARATORY JUDGMENT that the defendants

3    Acts AND PRACTICES described herein violates

4    plaintiff Rights As herein stated. 3.) COMPENSATORY

5    damages IN the Amount of $100,000.00 FROM

6    defendants and ALL of them to plaintiff. *(continued)*

7    I declare under penalty of perjury that the foregoing is true and correct.

8

9    Signed this  15  day of JUNE     , 20 08

10

11         Murrin Glenn Hollis

12           (Plaintiff's signature)

13      "VERIFICATION"

14

15    I Am the plaintiff IN the Above entitled

16    Action. I have Read the foregoing

17

18    complaint And KNOW the contents

19    thereof. The SAME Is true of mY owN

20    KNowledge, except As to those matters,

21    which ARe therin Alledged oN INformation And

belief, 22    I believe It to be true.

23    I declare under penalty of perjury

24    that the foregoing Is true And correct.

25

26    Dated: 6-15-08   Murrin Glenn Hollis

27              - PLAINTIFF -

28

COMPLAINT        - 4 -

4.) Defendant T. Selby, is a correctional LT. for (CDC&R) who at all times mentioned herein was assigned to Salinas Valley state prison and acted under color of state law and institutional authority in the capacity of correctional LT. This defendant is sued in her individual ~~official~~ capacity.

5.) Defendant D. Schlitz, is a correctional officer for (CDC&R) who at all times mentioned herein was assigned to Salinas Valley state prison and acted under color of state law and institutional authority in the capacity of correctional officer. This defendant is sued in his individual ~~and~~ capacity.

6.) Defendant B.F. Rankin, is a correctional captain for (CDC&R) who at all times mentioned herein was assigned to Salinas Valley state prison and acted under color of state law and institutional authority in the capacity of correctional captain. This defendant is sued in his individual capacity.

(1)

7.)  Defendants does 1-4 are each responsible in
some manner for the constitutional violations
and damage to plaintiff alledged herein.
The true names and capacities of defendants
does 1-4 are presently unknown to plaintiff.
Plaintiff is informed and believes and therefore
alledges on information and belief that each
of them is responsible in some manner for the
constitutional violations and damages to
plaintiff alledged herein. Plaintiff therefore
sues does 1-4 by such fictitions names and
will seek leave to amend this complaint
to add their true names when the names
have been ascertained.

(2)

8.) This Action Arises From defendats Retaliating Against plaintiff for plaintiff use of the grievance procedure, being a Jailhouse Lawyer and due to their personal animosity torwards plaintiff which Infringed plaintiff 1st and 14th amendment constitutional Rights.

9.) On 4-16-07 defendant D. Herrick, Falsely charged And Accused plaintiff of Rule violation for the specific act of willfully obstructing In Retaliation And Reprisal for plaintiff use of the (cdcsr) 602 prison grievance procedure In which plaintiff Informed defendant Herrick, that he was going to file a complaint Against her for her unprofessionalism torwards me And neglect of Responsibility and duties.

10.) Plaintiff filed a Staff complaint on D. Herrick, on 4-18-07 for misconduct And Retaliation.

(3)

11.) ON 4-16-07 plaintiff was housed IN A segregative unit while IN the mental health program which D. Herrick, was walking the housing unit tiers doing mental health Rounds.

12.) The mental health Rounds were not Announced And I was unaware that Rounds were being conducted until At which time I observed defendant HERRICK, ON the tier with A officer.

13.) I Requested mental health services from D. Herrick, And Attempted to INform her that my mental health was deteriorating And INformed her that I was going to File A complaint Against her for the unannouced visit.

14.) D. Herrick, became beligerant with plaintiff And told plaintiff, "I KNOW how to write to; And I'm going to write YOUR ASS up FOR obstructin'

15.) D. Herrick, had personal animosity torwards plaintiff which ~~___~~ caused her to file false charges and slanderous accusations against plaintiff, IN Retaliation.

16.) DEFENDANT D. HERRICK, INFRINGEMENT OF PLAINTIFF Right to FILE GRIEVANCE HAD A CHILLING effect AND the RETALIATION did NOT ADVANCE NO LEgitimate penoLogicAL gOALS OR INTEREST to preSERVE INSTITUTIONAL ORDER OR discipline.

17.) DEFENDANT D. SCHLITZ, FALSiFied his INVEStigAtive empLoyee REPORT RELAtive to D. HERRiCk, FALSE chARge IN RETALiAtion oF mY prioR USE AND USE oF the GRieVANCE proceduRE which cAUSEd FoR AND VioLated mY due process RELAtive to D. HERRiCk, FALSE chARge.

8.) D. SchLitZ, hAd direct KNowLedge of the APPEALS I FiLed AgAinst D. HERRiCk, AND mY hiStoRY oF APPEALS I FiLed AND StAtUS AS A JAILHoUSE LAWYER AND ASSiSted DEFENDANT T. SELbY, to VioLAte mY due process ALL IN RETALiAtion,

19.) ON 5-18-07 defendANT T. SELbY, FALSELY FOUND pLAINTiFF guiLTY of the FALSE chARge AUthoRed bY D. HERRiCk, without due process AND IN RETALiAtion oF mY prioR USE oF the 602 proceduRE AND due to PERSoNAL ANimoSitY toRWARds pLAINTiFF.

(5)

20.) AS A RESULT of the FALSE AND RETALIATORY guilty finding plaintiff suffered 90 days loss of good time credits, 90 days loss of telephone privileges, CANTEEN, FAMILY visits, QUARTERLY PACKAGES, SPECIAL PURCHASES, AND 10 days loss of outdoor RECREATION YARD.

21.) PLAINTIFF ALSO suffered AN ATYPICAL significant hardship while IN SEGREGATION AT the time of the events of this ACTION which INCLUDE AND NOT Limited to; ISOLATED/CONFINED IN A CELL FOR 23 hours A day, RESTRICTED LAW LIBRARY ACCESS, LESS PRIVILEGES AND PROPERTY IN MY CELL, NO phone CALLS to FAMILY AND FRIENDS, INADEQUATE MEDICAL, DENTAL, AND MENTAL HEALTH SERVICES, AND TREATMENT, AND 10 days LOSS OF FRESH AIR AND OUTDOOR RECREATION YARD, IN ADDITION the UNIT WAS VIOLENT AND OVERCROWDED.

22.) THERE WAS ABSOLUTELY NO evidence that I OBSTRUCTED ANY STAFF OR VIOLATED CCR 3005b, IN ADDITION I WAS DENIED DUE PROCESS, DENIED WITNESSES, A FAIR AND IMPARTIAL HEARING, AND A ADEQUATE FAIR INVESTIGATION OF THE CHARGE.

(b)

23.) Defendants T. Selby, and D. Schlitz,
INFRINGEMENT OF PLAINTIFF Right to File grievances
had a chilling effect and the Retaliation
did not ▰▰▰ advance no Legitimate
penological goals or interest to preserve
Institutional order or discipline.

24.) On July 17, 2007 chief deputy warden G.A.
Neotti, at the 2nd Level of appeal ordered
RVR# D-07-040070 Authored by D. Henrick,
Reissued Reheard ordering a new
hearing officer and to ensure that
plaintiff is afforded all proceedural
due process Rights afforded in Title
15. division 3.

25.) No Rehearing was ever taken or held
Related to RVR# D-07-040070 which
"voided" or invalidated the false charge.

26.) ON 9-27-07 defendant RANKIN, INTENTIONALLY disobeyed the chief deputy warden order at the 2nd level of appeal dated 7-17-07 and disRegarded such order and ordered his LT. to write plaintiff up a 128-A IN A attempt to cover up the issues Raised IN plaintiff Appeals against D. HERRICK, and to speed up the process so (CSR) would approve a adverse transfer to High desert state prison, IN RETALiATION for my prior use of the grievance procedure and due to his personal animosity towards plaintiff and my status as a **JAILhouse**/Lawyer and complainer.

27.) DEFENDANT RANKIN, had direct knowledge of the Appeals plaintiff filed against D. HERRICK, my status of a Jailhouse Lawyer, and prior Appeals I submitted/filed which defendant RANKIN, over the course of this time grew to dislike plaintiff and have personal animosity toward plaintiff and acted to speed my transfer process up so I could be endorsed by (CSR) for a adverse transfer to (HDSP) which is a prison (CDCR) staff routinely have Inmates who Litigate transfered to for punishment.

(8)

28.) ON 10-2-07 CAPTAIN RANKIN, had his boss ▬▬ ASSOciate WARDEN Lewis to SIGN A NOTICE OF ACTION to AUTHORIZE his ORDER FOR his LT. to WRITE ANd SIGN A 128-A AGAINST PLAINTIFF to MAKE IT APPEAR AS IF D. HERRICK, WROTE A 128-A.

29.) CAPTAIN RANKIN, ALSO ORDERED his DisciPLINARY OFFICER S. CELAYA, ON 10-2-07 to COMPLETE ANd SIGN the modification ORDER that WAS GENERATEd FOR the (RVR) to be ReISSUED REHEARD that the (RVR) WAS REDUCED to A 128-A to COMPLETE the process OF RVR# D-07-04-0070 SO (CSR) COULD APPROVE mY tRANSFER AWAY FROM SALINAS VALLEY State pRISON.

30.) This INFRINGEMENT UPON PLAINTIFF Right to FILE GRIEVANCE had A Chilling effect ANd the RETALIATORY ACTIONS did NOT AdVANCE NO Legitimate peno Logical GOALS OR INTEREST to pRESERVE INSTITUTIONAL ORDER OR discipline.

31.) Defendants Retaliation and Retaliatory action against plaintiff was willful, oppressive, annoying, and advanced no Legitimate penological goals or interest.

32.) The excercise of my 1st amendment Rights were chilled by defendants.

33.) I had a Right to due process and a fair and impartial disciplinary hearing and investigation Relative to RVR# D-07-04-0070.

34.) I did not tell D. Herrick, or yell "Listen you Fat Fucking bitch" as wrinttin in RVR# D-07-04-0070, and the 128-A.

35.) I continue to suffer from D. Herrick, false allegation.

36.) Defendants acting under color of state law, willfully, intentionally, knowingly, and concertedly, deprived plaintiff of Rights, priveleges, and immunities secured by the constitution and laws of the united states including the 1st and 14th amendment by subjecting plaintiff to infringement of his constitutional and federal statuatory Rights.

(10)

*(RELIEF CONTINUED)*

4.) PUNITIVE DAMAGES OF $200,000.00 FROM DEFENDANTS AND ALL OF THEM TO PLAINTIFF TO SET AN EXAMPLE AND TO DETER THOSE IN THE FUTURE FROM BEHAVING IN A MANNER AS HAVE DEFENDANTS.

5.) THAT DEFENDANTS PAY FOR COURT FEES AND COST.

6.) FOR FURTHER RELIEF THAT THE COURT MAY DEEM REASONABLE, FAIR, AND PROPER.

7.) THAT THE 128-A BE VOIDED AND TAKEN OUT MY CENTRAL FILE.

DATED: 6-15-08                    Marvin Glenn Hollis
                                        -PLAINTIFF-

(11)

## "DEMAND FOR JURY TRIAL"

I demand a JURY trial for ALL CLAIMS
FOR which A JURY trial IS ALLowed.

DATEd: ~~6-15-08~~    6-15-08        Marvin Glenn Hollis
                                            -PLAINTIFF-

(12)

"Supporting Documents"

Proof of exhaustion of all administrative remedies for court and defendants. "administrative" Records. Attached in good faith.

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: **DEC 1 2** 2007

In re: Hollis, E-37508
High Desert State Prison
P.O. Box 270220
Susanville, CA 96127

IAB Case No.: 0706907        Local Log No.: SVSP 07-01812

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner Jack Batchelor, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that on April 16, 2007 D. Herrick, License Psychiatric Technician (LPT), submitted a false report accusing the appellant of willfully obstructing program and a CDC Form 115, Rules Violation Report was administered to that affect. The appellant asserts that he did nothing to warrant a CDC-115. The appellant also asserts he has had no further issues with LPT Herrick and a working relationship has improved. The appellant indicates that Correctional Officer (CO) Castellanos was working in the housing unit on April 16, 2007 and he could verify that the report is false.

The appellant requests that LPT Herrick stops harassing him and falsifying state documents and that an investigation is conducted into the alleged falsification of state documents. The appellant requests that charges are filed against the staff member with the District Attorney for her unlawful actions.

**II    SECOND LEVEL'S DECISION:** The reviewer found that pursuant to Administrative Bulletin (AB) 05/03, a review of the allegations of staff misconduct presented in the written complaint has been completed and that appropriate supervisory staff conducted an inquiry into this matter. The inquirer reviewed the submitted material and interviewed the involved parties. The appellant was interviewed on May 16, 2007, by Supervising Registered Nurse II C. Shytle. Interviews were also conducted with LPT Herrick on May 24, 2007 and CO Castellanos on May 31, 2007. Release of the finding or information related to the inquiry is confidential and will not be disclosed.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.    FINDINGS:** Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by administrative staff and an appeals inquiry has been completed. The Appeals Examiner reviewed a copy of the staff inquiry conducted by SRN II C. Shytle and all staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public, or the inmate population.

**B.    BASIS FOR THE DECISION:**
California Penal Code Section: 832.5, 832.7, 832.8
California Code of Regulations, Title 15, Section: 3004, 3122
AB 05/03

**C.    ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.



N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, HDSP
       Appeals Coordinator, HDSP
       Appeals Coordinator, SVSP

INMATE/PAROLEE
APPEAL FORM
CDC 602 (12/87)

Location: ___ Institution/Parole Region ___ Log No. ___ Category ___
1. 5VSP 2      1. 07·018

2. ___      2. ___

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.    false report       P/T    D. Herrick

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| MARVIN HOLLIS | E-37508 | *AC/-SPG* | D-8-220 |

A. Describe Problem: This complaint is filed against Salinas Valley state prison psych tech D. Herrick. On 4-16-07 D. Herrick falsified state documents and by submitting a false report slanderous accusation against. This misconduct against me was to harass me and in retaliation for me exercising my 1st amendment right due to her personal animosity torwards me. D. Herrick, incoherent report did not serve a ligitimate penological interest or institutional
If you need more space, attach one additional sheet.    *(see Attachment)*

B. Action Requested: FOR D. Herrick, to stop harassing me and falsifying state documents. For an investigation to be conducted on D. Herrick, For falsifying state documents. For charges to be filed against D. Herrick, with the district attorney office for her unlawful actions.

Inmate/Parolee Signature: _Marvin Hollis_      Date Submitted: 4-18-07

C. INFORMAL LEVEL (Date Received: ___ )

Staff Response: ___

RECEIVED APR 1 9 2007

DELIVERED AUG 2 7 2007

Staff Signature: ___      Date Returned to Inmate: ___

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

___

Signature: ___      Date Submitted: ___
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim      CDC Appeal Number:

*SEE ATTACHED MEMORANDUM*
*(HOLLIS) SKSP-D-07-1812*

First Level    ☐ Granted    ☒ P. Granted    ~~☐~~    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 4-23-07    Due Date: 6-1-07

Interviewed by: CLAYTON SHYTLE SRN II

*Denied as No evidence of falsification of State documents made during interview of J. Herrick and CO Castellanos. CO Castellanos interviewed per your request and does not have any recollection of event in question.*

RET'D JUN 18 2007

Staff Signature: _____    Title: SRN II    Date Completed: 6/1/07

Division Head Approved:

Signature: _____    Title: SRN U    Returned Date to Inmate: 6/1/07

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response. The Action Requested has Not been Granted Nor Issue Resolved. Dissatisfied! Officer Castellanos Refuse to tell the truth which has impacted this Investigation As when the I.E. questioned Castellanos for the RVR 115 he Lied to the I.E. IN support FOR D-HERRICK-(SRN II written 1st Level Response supports my claim as he would of Remembered The Alleged claim Falsified on me.

Signature: M. Hollis    Date Submitted: 6-20-07

Second Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other    RECEIVED JUN 20 2007

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 6-21-07    Due Date: 7-19-07

☒ See Attached Letter

Signature: _____    Date Completed: 7/25/07

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response. Dissatisfied! This complaint has not been handled per A/B 05/03. No I/m witnesses were Interviewed nor the Fact officer Castellanos dishonest contradictory statement to the I.E. IN RVR# FD-07-04-0070 compained to his statement in section (E) at the 1st level. D. Herrick, has continued to file false Reports Against Black Inmates since this Appeal. All Issues IN Appeal has not been Addressed or Taken seriously.

Signature: Murrin Hollis    Date Submitted: 8-27-07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

SVSP INMATE APPEALS OFFICE
RECEIVED COMPLETED RESPONSE ON

JUL 27 2007

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other
☒ See Attached Letter

1ST LVL ☐    2ND LVL ☒

CDC 602 (12/87)    Date: DEC 12 2007

*(continued from section (A) 3 (B)) *

312

goals and had a chilling effect. D. Herrick, infringed m
1st Amendment Right ▬▬▬ in which I informed D.
Herrick, on 4-16-07 that I was going to file a (CDC)
602 complaint against her for her unprofessionalism
torwards me and neglect of responsibilities and
duty. D. Herrick, had personal animosity torwards
me after I informed her that I would be submitting
a (CDC) 602 grievance against her. This staff has
violated the code of conduct and Title 15 division
3. Per CCR. 3004 (d); I have a right to be treated
fairly and impartially by all employees. Per CCR.
3084.1 (d); no reprisal shall be taken against a inmate
for filing an appeal. This complaint is filed as a
employee misconduct appeal per CCR. 3391. It's staff
like this that is impeading the process to make things
better. As a result of D. Herrick, falsifying state
documents against me, I suffer emotional distress
and mental anguish. I have not had any problems
with any mental health staff while I've been housed

*(over on back side) *

IN (ASU) D-8. MY MENTAL HEALTH RECORDS does not support ANY of the ALLEGATIONS made by D. HERRICK, AGAINST ME ON 4-16-07. It IS of PARAMOUNT FOR the ACTION REQUESTED to be GRANTED.

★ (CONTINUED FROM SECTION (B)) ★

FOR INMATES that WAS HOUSED IN D-8 "B" pod ON 4-16-07 to be INTERVIEWED bY INVESTIGATING STAFF, FOR D. HERRICK, to be OFFERED to TAKE A LIE detector test OF HER ALLEGATIONS AGAINST ME.

`State of California

# **Memorandum**

Date : June 1, 2007

To : Inmate Hollis, CDC# E37508
Delta-8-220

Subject: **STAFF COMPLAINT RESPONSE - APPEAL # SVSP-D-07-01812**

**APPEAL ISSUE:** The appellant states that on April 16, 2007 Debra Herrick submitted a false report accusing inmate of willfully obstructing program and a CDC-115 was administered to that affect. Inmate reports that he did nothing to warrant a CDC-115. Inmate also reported that he has had no further issues with LPT Herrick and working relationship has improved. Inmate reports Officer Castellanos was working DELTA 8 on April 16, 2007 and he could verify false report.

The appellant requests LPT Herrick stop harassing him and falsifying state documents and an investigation to be conducted into alleged falsification of state documents. Requests charges are filed against staff with the District Attorney for her unlawful actions.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒ PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐ REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on May 16, 2007 by C. Shytle, SRN II and stated the allegation to the interviewer.    The following witnesses were questioned: D. Herrick, LPT and Officer J. Castellanos.    The following information was reviewed as a result of your allegations of staff misconduct: Staff sign in sheets and CDC 115 documentation.

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☒ First level ☐ Second level, as an inquiry into your allegation has been conducted.    ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

Please print and sign below:

_M. Byrne, SRN II_____                    _6/1/07___
Director of Nursing (A)                                              Date

State of California                                              Department of Corrections and Rehabilitation

# Memorandum

Date  :    July 25, 2007

To  :    Marvin Hollis, # E37508
          Salinas Valley State Prison, Facility D, Building 8, Cell 220

```
SVSP INMATE APPEALS OFFICE
RECEIVED COMPLETED RESPONSE ON

        JUL 27 2007

1ST LVL □        2ND LVL ☒
```

Subject:    **STAFF COMPLAINT RESPONSE - APPEAL # SVSP-D-07-01812**

**APPEAL ISSUE:** The appellant states that on April 16, 2007 D. Herrick, Licensed Psych Tech (LPT), submitted a false report accusing inmate of willfully obstructing program and a CDC-115 was administered to that effect. Inmate reports that the CDC-115 was written in retaliation for his writing a staff complaint and he did not say derogatory remarks to her. Inmate reports D. Herrick was unprofessional and disrespectful in her dealings with him.

The appellant requests LPT Herrick stop harassing him and falsifying state documents and an investigation to be conducted into alleged falsification of state documents. Requests charges be filed against staff with the District Attorney for her unlawful actions.

**DETERMINATION OF ISSUE:**    A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒ PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐ REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on May 16, 2007 by C. Shytle, SRN II and stated the allegation to the interviewer. The following witness was questioned: Officer J. Castellanos. The following information was reviewed as a result of your allegations of staff misconduct: Staff sign in sheets and CDC 115 documentation.

On July 23, 2007 Inmate Hollis was interviewed again. At that time, the appellant stated that he had no further interaction with D. Herrick. It was also stated that the CDC-115 ruling was being appealed due to the appellant's claim of not having made the statements to Ms. Herrick, nor cause her rounds to be delayed. All previous documentation was reviewed as well as the RVR-Part C dated May 18, 2007 and the log book maintained by the Unit Sergeant.

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☐ First level ☒ Second level, as an inquiry into your allegation has been. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to

submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

C. D. Lee   /
Health Care Manager

Date   2/26/07

**STATE OF CALIFORNIA**

**RULES VIOLATION REPORT - PART C**

**DEPARTMENT OF CORRECTIONS**

PAGE ___ OF ___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-37508 | HOLLIS | FD-07-04-0070 | SVSP | 05/17/07 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☒ IE REPORT  ☐ OTHER_____

On 05/17/07, I was assigned as Investigative Employee for CDC-115, Log# FD-07-04-0070. I informed Inmate HOLLIS of my assignment and that as Investigative Employee my duties were as a fact finder for the Senior Hearing Officer. Inmate HOLLIS stated that he had no objections to my serving in this capacity.

DEFENDANT'S STATEMENT: On 05/17/07, I interviewed Inmate HOLLIS (P-37508) regarding the disciplinary charges, and Inmate HOLLIS made the following statement: "I request to be found not guilty in the interest of justice. Staff member D. Herrick, has filed a false report and made false allegations against me in retaliation and her personal animosity towards me. I did not violate a serious rule violation of CCR, 3005(b) that I'm being charge for violating. D. Herrick has violated the code of conduct by willfully filing false charges against me due to her personal animosity against me. D. Herrick has taken advantage of my mental health condition."

REPORTING EMPLOYEE'S STATEMENT: On 05/17/07, I interviewed Correctional L.P.T. regarding Inmate HOLLIS disciplinary charges, and L.P.T. Herrick made the following statement: "Inmate HOLLIS continued actions caused the other inmate to continue yelling, which necessitated me to stop the psche rounds in P-Pod and continue to C-Pod. Inmate HOLLIS actions delayed Psche rounds in P-Pod for approximately 15 minutes to allow the yelling to stop so psche rounds could be continued.

INVESTIGATIVE EMPLOYEE'S STATEMENT: Correctional Officer D. Schlitz made the following statement: "I interviewed all Staff and Inmate HOLLIS concerning this RVR".

Inmate HOLLIS requested the following witnesses to be present at the disciplinary hearing.

| NAME | POSITION | RDO's |
|---|---|---|
| Castellanos | C/O | |
| D. Herrick | L.P.T. | |

Questions for C/O J. Castellanos ✱
(Q1) Did you witness any of the allegations made by D. Herrick against Inmate HOLLIS on 04/16/07?
(A1) Yes.
(Q2) Why didn't you write a supplemental report?
(A2) Because Herrick did.
(Q3) Which inmates if any were yelling obscenities and laughing in the section during the alleged 15 minutes delay?
(A3) They all were.
(Q4) Did you observe Inmate HOLLIS disobey any orders or yell at L. Herrick on 04/16/07, in D2-A5?
(Con't See Additional CDC-115 Part 'C')

D. Schlitz, Correctional Officer

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | | | |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | | | |

CDC 115-C (5/95)

Found guilty on 5-18-07

OSP 99 25082

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**

PAGE____OF____

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| ⌐⌐⌐⌐ | ⌐⌐⌐⌐ | ⌐⌐-⌐⌐-⌐⌐-⌐⌐⌐⌐ | ⌐⌐⌐⌐ | ⌐⌐·⌐⌐·⌐⌐ |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☒ IE REPORT  ☐ OTHER_____

(4) Yes.

Question for ⌐⌐ ⌐⌐⌐⌐⌐⌐

(5) ...

(6) ...

(7) ...

(8) ...

(9) No, I'm sorry.

(10) ...

(11) You incited them and some were angry at you.

(12) Did you document any of the alleged inmates obscenities towards you?

(13) No, because I couldn't tell who they were.

(14) How was inmate ⌐⌐⌐⌐ alleged actions continued?

(15) Irrelevant.

(16) ...

(17) ...

(18) ...

⌐⌐ ⌐⌐⌐⌐⌐⌐, Correctional Officer

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | | | |
| COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

CDC 115-C (5/95)

OSP 99 25082

# INMATE APPEAL ROUTE SLIP

**To: CTC** — HCM (illegible)          Date: April 27, 2007

From:  INMATE APPEALS OFFICE

Re: Appeal Log Number **SVSP-D-07-01812**  By Inmate **HOLLIS**, **E37508**

Please assign this appeal to appropriate staff for **FIRST** level response.

Appeal Issue:  STAFF COMPLAINTS

Due Date:  **06/01/2007**

Special Needs:


STAFF INSTRUCTIONS: **Per Director's Rule 3084.5(f) (2) first level appeal review requires a personal interview with the inmate unless the appeal is granted**. This policy is not within the institution's jurisdiction and cannot be waived.  Director's Rule 3084.5(f) (3) provides that a telephonic interview may be conducted if the inmate is not available in person.

Begin response with GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN.  When complete, return appeal to the Appeals Office.  All first level appeals require signature of the Division Head.  Appeals that are incomplete will be returned for appropriate completion.

Refer to D.O.M. 54100 for instructions.


T. VARIZ, CC-II / E. MEDINA CC-II
Appeals Coordinators
Salinas Valley State Prison

# INMATE APPEAL ROUTE SLIP

## To: CTC

Date: June 21, 2007

From: INMATE APPEALS OFFICE

Re: Appeal Log Number **SVSP-D-07-01812**  By Inmate <u>HOLLIS</u>, <u>E37508</u>

Please assign this appeal to appropriate staff for **SECOND** level response.

Appeal Issue:  STAFF COMPLAINTS

Due Date:  **07/19/2007**

Special Needs:

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the first level. Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return to Appeals Office. Appeals that are incomplete will be returned to the responding staff for appropriate completion. Refer to D.O.M. 54100 for instructions.


T. VARIZ, CC-II / E. MEDINA CC-II
Appeals Coordinators
Salinas Valley State Prison

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION          ARNOLD SCHWARZENEGGER, GOVERNOR

### *INMATE APPEALS BRANCH*

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001

 *(Exhibit)*



January 15, 2008

HOLLIS, MARVIN, E37508
High Desert State Prison
P.O. Box 270220
Susanville, CA 96127

RE: IAB# 0708619 ( SVSP-07-02525   DISCIPLINARY )

Mr. HOLLIS:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

The Second Level of Review is considered the department's final action in regard to CDC Form 128-A, Custodial Chronos.

Per Modification Order Log #07-056 dated October 2, 2007, RVR Log #FD-07-09-0049R was reduced to a CDCR 128-A.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

STATE OF CALIFORNIA -DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001

October 23, 2007

HOLLIS, MARVIN, E37508
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

RE: IAB# 0708619, Institution Log# SVSP-07-02525, DISCIPLINARY

Mr. HOLLIS:

The Inmate Appeals Branch (IAB) has received your appeal regarding the above matter. It has been forwarded to the Appeals Coordinator at SVSP for further action.

N. GRANNIS, Chief
Inmate Appeals Branch

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category

1. SVOP d    1. 07.02625    I

2. _____    2. _____    CDW/TW

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly. RVR D-07-04-0070 DW D SAO Selby

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| MARVIN HOLLIS | E-37508 | *SHU* | D-8-22D |

A. Describe Problem: This complaint is filed for procedural and due process violations and not providing me with a fair and impartial hearing. This complaint is filed against (CDO) M.P. Moore, (SHO) T. Selby, c/o D. Schlitz, and O. Herrick. I was charged for violating a serious rule violation CCR. 3005 (b) disobeying a direct order. c/o D. Schlitz, fabricated his report as the investigating dishonestly claiming he talked to me on 5-17-07 and interviewed L.P.T. Herrick, as well as questioned c/o Castellanos. Per (ASU) 114 Log dated 5-17-07 c/o Schlitz, was not in ASU

If you need more space, attach one additional sheet.    *(see Attachment)*

B. Action Requested: FOR RVR# FD-07-04-0070 to be dismissed in the interest of justice per CCR. 3084.5(h)(1), and that all loss time credits, privileges and other adverse actions related to this RVR to be restored and recind per D.O.M. 54100.18.3. FOR AN APOLOGY FROM LT. SELBY, and (CDO) MOORE.

Inmate/Parolee Signature: Marvin Hollis    RECEIVED JUN 04 2007    Date Submitted: 6-3-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response:

~~BYPASS~~

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

~~BYPASS~~

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

First Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____   Due Date: _____

Interviewed by: _____

**BYPASS**

_____ure: _____   Title: _____   Date Completed: _____
_____d Approved:   Returned
Signature: _____   Title: _____   Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

**BYPASS**

Signature: _____   Date Submitted: _____

Second Level   ☐ Granted   ☒ P. Granted   ☐ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 6·5·07   Due Date: 7·11·07
☒ See Attached Letter

Signature: _Way_    MOD ORDER - R/R    Date Completed: 7·17·07

Warden/Superintendent Signature: _____   Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third within 15 days of receipt of response.   *(D.O.M. 54/00.18.3)*

The action Requested for RVR# FD-07-04-0070 to be dismissed/vacated has not been granted, nor have any of my lost time credits or privileges been restored. There is no evidence that I disobeyed a direct order as charged in the (RVR) for violating CCR. 3005(b). There is no need for a rehearing which the appeal reviewer should of vacated/dismissed the (RVR) per CCR. 3084.5(h)(1) and 3004(a). I request to exhaust my Admin./Remedy.

Signature: _Marvin Hollis_   Date Submitted: 9·17·07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

0708619

DIRECTOR'S ACTION:   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

525

**✳(CONTINUED FROM SECTION (A))✳**

ON 5-17-07 AND COULD NOT HAVE INTERVIEWED ME AS
FABRICATED IN HIS REPORT AND IT IS QUESTIONABLE IF HE EVEN
INTERVIEWED L.P.T. HERRICK, OR QUESTIONED 40 CASTELLANOS.
THE (SHO) ARBITRARILY FOUND ME GUILTY AND KNOWINGLY
VIOLATED PROCEDURAL AND MY DUE PROCESS RIGHTS. I WAS
DENIED WITNESSNES AND THE REPORTING EMPLOYEE AND WAS
UNABLE TO ESTABLISH A ADEQUATE PRESENTATION OF A DEFENSE
AS BOTH WITNESSES ANSWERS TO QUESTIONS needed CLARIFICATION
AND ALL MY QUESTIONS WAS NOT ADEQUATELY RESPONDED TO. I
WAS DENIED 24 HOURS TO REVIEW THE I.E. REPORT PRIOR TO
MY HEARING. THERE IS ABSOLUTELY NO EVIDENCE THAT ANY
ORDERS WAS GIVEN OR THAT I DISOBEYED ANY ORDERS.
THE (SHO) INTERPRETATION OF CCR. 3005(b) TO FIND ME GUILTY
IS CLEARLY ARBITRARY AND CAPRICIOUS AND HAS NOT
REASONABLE BASIS. MY STATEMENT IN THE I.E. REPORT WAS
INTENTIONALLY NOT REASONABLLY CONSIDERED AT THE
HEARING. LT. T. SELBY, CONSPIRED WITH THE INSTITUTIONAL
CLASSIFICATION MEMBERS TO RETALIATE AGAINST ME AND TO
HARASS ME FOR MY PRIOR USE OF THE (CDC) 602 PROCEDURE
AND BEING A JAILHOUSE LAWYER. (CDO) MOORE, HAS CONDONED
AND APPROVED OF ALL THE UNCONSTITUTIONAL ACTIONS TAKEN
AGAINST ME INTENTIONALLY AND KNOWINGLY VIOLATING MY
DUE PROCESS AND xPROVIDE ME with A FAIR AND IMPARTIAL
REVIEW OF THE DISCIPLINARY HEARING. (CDO) MOORE, ABUSED
HIS AUTHORITY TO AFFIRM LT. SELBY, ARBITRARY GUILTY
FINDING. LT. ___ SELBY, AND (CDO) MOORE, INFRINGEMENT UPON
MY 1ST AMENDMENT RIGHT HAD A CHILLING EFFECT AND DID
NOT SERVE A LEGITIMATE PENOLOGICAL INTEREST OR
INSTITUTIONAL GOALS. THESE ADMINISTRATIVE AND
SUPERVISORY STAFF DISCRIMINATORY AND RETALIATORY

**✳(OVER ON BACK)✳**

ACTIONS AGAINST me IS IRRESPONSIBLE behavior and
should not be tolerated by (COC3'R) SECRETARY
JAMES E. TILTON. These INCOMPETENT ⬛ STAFF should
change their operative philosophy. As a result of
the ARBITRARY guilty finding and RETALIATION, I have
suffered and continue to suffer an ATYPICAL and
SIGNIFICANT hardship IN RELATION to the ORDINARY
INCIDENTS of PRISON LIFE which INCLUDE and not
Limited to; excessive segregation, no contact visits,
LESS PROPERTY IN MY CELL, RESTRICTED LAW LIBRARY
ACCESS and LEGAL MATERIALS, LESS CANTEEN, and no
phone CALLS to FAMILY AND FRIENDS. (CDO) ⬛⬛⬛ moore
sign his     NAME ON ANY DEPARTMENTAL documents AGAINST me
APPROVING of punishments, harassment and
disparit treatment wheather or not I was
afforded due process. These IRRESPONSIBLE
ACTIONS and INCOMPETENT REVIEWS and behavior
causes a burden on the STATE. At the minimum,
LT. SELBY, and (CDO) moore, could of treated me
FAIRLY PER CCR. 3004(a); and concluded that I
did not violate CCR. 3005(b) NOR IS THERE ANY
EVIDENCE to support the ALLEGATIONS. I CAN ONLY
be found guilty of A SERIOUS RULE VIOLATION NOT
A SPECIFIC ACT. This WAS NOT A TYPOGRAPHICAL ERROR
cause the (SHO) cited this ⬛ RULE CCR. 3005(b) IN
her findings and disposition. I ⬛⬛ even
pointed out this IN MY statement to the (SHO) and
she still elected to ARBITRARILY find me
guilty for violating CCR. 3005 (b); OR mention if
It WAS A typo eRROR. D.O.M. 54100 18.2, 52080.5.3,
and CCR. 3315, 3320, 3318, and 3004(a) has been violated.

RECEIVED JUN 04 2007

804 to Records:        Date:

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| E-37508 | HOLLIS | MEPD | NSP | DB-220 | FD-07-04-0070 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR §3005(b) | WILLFULLY OBSTRUCTING THE PROGRAM | D5/ASU | 04/16/07 | 1015 hours |

**CIRCUMSTANCES**

On Monday, April 16, 2007, at approximately 1015 hours, while performing Administrative Segregation rounds in D5 Building, B-Pod, and being escorted by Correctional Officer J. Castellanos, Inmate HOLLIS (E-37508, DB-220) requested me to stop at his cell door to talk to me by yelling out, "Hey, Psych Tech, come here!" At this time, I responded to the call and stopped in front of Inmate HOLLIS' door and when I asked him what he wanted he looked at me with an aggressive affect and yelled, "Listen you fat, fucking bitch!" Causing for other Inmates in the pod to laugh and yell obsenities out their cell. Inmate HOLLIS' continued action caused the other to continue yelling which necessitated me to stop the Psche rounds in B-Pod and continue to C-Pod. Inmate HOLLIS'/actions delayed Psche rounds in B-Pod for approximately 15 minutes, to allow the yelling to stop so Psche rounds could be continued.

Inmate HOLLIS **is** a participant in the Mental Health Services Delivery System at the CCCMS level of care.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ D. Hedrick, Correctional Psychiatric | | | Psych Tech. | S/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|
| ▶ | 4/19/07 | DATE _____ LOC. _____ | | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | D | | ▶ | ☐ HO ☒ SHO ☐ SC ☐ FC |

| COPIES GIVEN INMATE BEFORE HEARING | | | | |
|---|---|---|---|---|
| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | TITLE OF SUPPLEMENT |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶ |  DATE  TIME |

**HEARING**

**Plea:** Inmate HOLLIS entered a plea of NOT GUILTY at this SHO hearing.

**Findings:** Inmate HOLLIS was found **GUILTY** of CCR §3005(b), specifically "Willfully Obstructing A Peace Officer," a Division "D(5)" offense. This finding is based on the preponderance of evidence presented at the hearing which **does** substantiate the charge. The evidence presented at the hearing included: (Findings Con't See CCR-115C)

**Disposition:** Inmate HOLLIS was assessed 90 days Forfeiture of Credits, consistent with a Division "D(5)" offense per CCR §3323(f)(5). Inmate HOLLIS was counseled, warned, and reprimanded.

**Additional Disposition:** Inmate HOLLIS was assessed 90 days loss of privileges to begin on 05/19/07 through 08/18/07. Loss of privileges includes: Ten Days Loss Of Yard (From 05/19/07 through 05/29/07), Family Visits, Telephone, Canteen Draw, Quarterly Package and Special Purchase.

**Classification Referral:** Refer to ICC for Program Review and 'C' Status placement.

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | | DATE TIME |
| T. Selby, Correctional Lieutenant | | ▶ | | 05/18/07 1520 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ S. Rankin, Facility Captain | | M. P. Moore III, CDO | |

| | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | ▶ | | |

CDC 115 (7/88)

STATE OF CALIFORNIA
**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE 1 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-37508 | HOLLIS | FD-07-04-0070 | SVSP | 05/18/07 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER____

**Hearing Date:** 05/13/07.    ✱ **Time:** 1527 hours.  ✱    Any Postponement Explained: N/A.

**Inmate Plea and Statement:** Inmate HOLLIS entered a plea of NOT GUILTY and stated: "I did not violate section 3005(b). I request the RVR be dismissed in the interest of justice."

**Inmate's Health:** Inmate HOLLIS claims to be in good health and proceed as scheduled with the disciplinary process.

**MHSDS:** Inmate HOLLIS is a participant in the Mental Health Services Delivery System at the CCCMS level of care. The circumstances of the RVR do not indicate that Inmate HOLLIS pending any bizarre behavior that would raise concerns about his mental health. At the hearing, Inmate HOLLIS did not demonstrate any strange, bizarre, or irrational behavior.

**DUE PROCESS:** Date of Discovery: 04/16/07.
Initial RVR copy served on: 04/16/07.
Incident Package served on: N/A.
D.A. results issued date: N/A.

Hearing started on: 05/13/07.
CDC-115-H served on: N/A.
Supplemental served on: 05/17/07.
This document served on: 05/17/07.

**D.A. Referral:** This matter was not referred to the Monterey County District Attorney's Office.

**Time Constraints:** All time constraints have been met pursuant to CCR §3320(a). Inmate HOLLIS was provided a copy of the CDC-115 within 15 days after the discovery of information leading to the charges. Hearing was held within 30 days of the date the inmate was provided a copy of the CDC-115. Inmate HOLLIS acknowledged receiving all documents used for this hearing 24 hours prior to the hearing. ~~WRONG !~~

**TABE Score:** Inmate HOLLIS GPA Reading Score was Above 4.0 as noted in the Central File. Inmate HOLLIS read the RVR aloud and was able to demonstrate his understanding of the RVR and the disciplinary process through discussion with the SHO.

**Staff Assistant (SA):** Staff assistant was not assigned per CCR §3315 (d)(2)(A).

**Investigative Employee (IE):** Inmate HOLLIS requested and does not meet the criteria for assignment of an Investigative employee. Correctional Officer D. Schlimz was assigned. Officer D. Schlimz interviewed Inmate HOLLIS as part of the investigative process, gathered information from witnesses, asked each witness specific questions based by Inmate HOLLIS and follow up questions posed by I.E. for clarification purposes. Officer D. Schlimz prepared his report, to include his summation of the facts, and provided a copy of the report to Inmate HOLLIS more than 24 hours prior to this hearing. ~~WRONG !~~

**Evidence Requested or Used:** There was no evidence requested or used.

**External/Outside Evidence:** N/A.                    **Video Tape Evidence:** N/A.

**Witness Requested:** Inmate HOLLIS requested Reporting Employee D. Morris and Officer Castellanos as witnesses to be present at the hearing. SHO Denied due to Inmate HOLLIS have no additional question for the above requested witnesses. Questions were asked during the I.E. Report.

D. Selby, Correctional Lieutenant

| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| (DISPO CON'T SEE CDCR-115C PAGE 2) | _____ | 05/13/07 |
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS

PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| F-37508 | HOLLIS | FD-07-04-0070 | SVSP | 05/18/07 |

| | SUPPLEMENTAL | ☒ CONTINUATION OF: | 115 CIRCUMSTANCES | ☒ HEARING | IE REPORT | OTHER___ |

Witness Testimony at Hearing: N/A.                    Confidential Information: N/A.

**Enemy Concerns:** There were no enemy concerns related with this disciplinary hearing.

**Findings:** Inmate HOLLIS is found GUILTY as charged. This finding is based upon the following preponderance of evidence:

1) RVR Log #FD-07-04-0070, authored by Reporting Employee (R.E.) L.T. A. Warrick, wherein states:

"While performing Administrative Segregation rounds in 3rd Building, D-Pod, and being escorted by Correctional Officer J. Castellanos, Inmate HOLLIS (F-37508) requested me to come to his cell door to talk to me by yelling out, "Hey, Psych Tech, come here!" At this time, I responded to the call and stopped in front of Inmate HOLLIS' door and when I asked him what he wanted he looked at me with an aggressive affect and yelled, "Listen you hoe, fucking bitch!" Causing for other inmates in the pod to laugh and yell obscenities out their cell. Inmate HOLLIS' continued action caused the other to continue yelling which necessitated me to stop the Psych rounds in D-Pod and continue to C-Pod. Inmate HOLLIS actions delayed Psych rounds in D-Pod for approximately 15 minutes, to allow the yelling to stop so Psych rounds could be continued."

2) Information provided on the Investigative Employee where Inmate HOLLIS asked Officer J. Castellanos, "Did you observe Inmate HOLLIS disobey any orders or yell at L. Warrick on 04/16/07, in FD-ASU?" Officer J. Castellanos responded "Yes".

**CONCLUSION:** Based on the aforementioned facts, this S.H.O. finds the preponderance of the evidence relied upon has been set to render and sustain a finding of Guilty on the charged offense of Inmate HOLLIS violating CCR §3005(b); specifically, "Willfully Obstructing A Peace Officer," a Division "F(5)" offense per CCR §3323 (F)(5).

_NRON9!_

**Appeal Rights:** Inmate HOLLIS was advised of his rights to appeal per CCR section 3084.1 (a). Inmate HOLLIS was informed he would receive a copy of the completed RVR upon final review of the Chief Disciplinary Officer. Inmate HOLLIS was further advised of credit restoration per CCR 3327 and 3328.

_MEDINA CAN I 602 THIS?_
_WITHOUT A SCREENING FORM?_

L. Silby, Correctional Lieutenant

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| | | 05/18/07 |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | | | |

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS

PAGE ___ OF ___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-37508 | HOLLIS | FD-07-05-0070 | SVSP | 05/17/07 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☐ HEARING   ☒ IE REPORT   ☐ OTHER____

On 05/17/07, I was assigned as Investigative Employee for CDC-115, Log #D-07-05-0070. I informed Inmate HOLLIS of my assignment and that as Investigative Employee my duties were as a fact finder for the Senior Hearing Officer. Inmate HOLLIS stated that he had no objections to my serving in this capacity.

DEFENDANT'S STATEMENT: On 05/17/07, I interviewed Inmate HOLLIS (H-37508) regarding the disciplinary charges, and Inmate HOLLIS made the following statement: "I request to be found not guilty in the interest of justice. Staff member D. Herrick, has filed a false report and made false allegations against me in retaliation and her personal animosity towards me. I did not violate a serious rule violation of CCR, 3005(b) that I'm being charge for violating. D. Herrick has violated the code of conduct by willfully filing false charges against me due to her personal animosity against me. D. Herrick has taken advantage of my mental health condition."

REPORTING EMPLOYEE'S STATEMENT: On 05/17/07, I interviewed Correctional L.P.T. regarding Inmate HOLLIS disciplinary charges, and L.P.T. Herrick made the following statement: "Inmate HOLLIS continued actions caused the other inmate to continue yelling, which necessitated me to stop the psyche rounds in B-Pod and continue to C-Pod. Inmate HOLLIS actions delayed Psyche rounds in B-Pod for approximately 15 minutes to allow the yelling to stop so psyche rounds could be continued.

INVESTIGATIVE EMPLOYEE'S STATEMENT: Correctional Officer D. Schlitz made the following statement: "I interviewed all Staff and Inmate HOLLIS concerning this RVR".

Inmate HOLLIS requested the following witnesses to be present at the disciplinary hearing.

| NAME | POSITION | DOE'S |
|---|---|---|
| Castellanos | C/O | |
| D. Herrick | L.P.T. | |

Questions for C/O J. Castellanos
Q1) Did you witness any of the allegations made by D. Herrick against Inmate HOLLIS on 04/16/07?
A1) Yes.
Q2) Why didn't you write a supplemental report?
A2) Because Herrick did.
Q3) Which inmates if any were yelling obscenities and laughing in the section during the alledged 15 minutes delay?
A3) They all were.
Q4) Did you observe inmate HOLLIS disobey any orders or yell at D. Herrick on 04/16/07, in D8-ASU?
(Con't See Additional CDC-115 Part 'C')

D. Schlitz, Correctional Officer

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| | | |

| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|

CDC 115-C (5/95)                                    OSP 99 25082

STATE OF CALIFORNIA
**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE____OF____

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-27703 | WILLIS | T3-07-04-0171 | SATF | 05/17/07 |

☐ SUPPLEMENTAL ☑ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☐ HEARING ☐ IE REPORT ☐ OTHER_____

) Yes.

estion for O. Jackie:
) How did Inmate WILLIS look at you allegedly with a aggressive affect?
) He called me over and then got that squinted mean look and started yelling obsenities.
) There was your location in SHU#39 during your alleged 15 minute delay?
) I went to C-Pod and sat by said for approximately 15 minutes for that to all stop yelling.
) What time did you sign in and out of SHU on the SHU 115 log book on 04/15/07?
) Don't know.
) After Inmate WILLIS alleged statement, "Listen you, fucking fat bitch," How did it cause me inmates in the pod to laugh and yell obsenities to you?
) You incited that and some were angry at you.
) Did you document any of the alleged inmates obsenities towards you?
) No, because I couldn't tell who they were.
) How was Inmate WILLIS alleged actions continued?)
) Irrelevant.
) Was communication of any transpired after Inmate WILLIS alleged actions towards you between you and Inmate WILLIS.
) None.

O. Jackie, Correctional Officer

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| | | 5/17/07 |

COPY OF CDC 115-C GIVEN TO INMATE

| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|
| | 5/17/07 | 1430 |

CDC 115-C (5/95)

OSP 99 25082

# CALIFORNIA DEPARTMENT OF CORRECTIONS

**NAME: HOLLIS**                     CDC #: **E37508**                     **BED: D8-220L**

## COMMITTEE ACTION SUMMARY

ADJUST APPROVED SHU TERM MERD TO 9/1/07 DUE TO SUBSEQUENT MISCONDUCT, RETAIN IN ASU PENDING PRE-MERD REVIEW, CONTINUE MAX CUSTODY, WG/PG D2/D EFFECTIVE 12/1/06, 2X CELL, ASU W/A YARD, PSYCH IS CCCMS, S/A K. MENSING, CCI.

## COMMITTEE'S COMMENTS

Inmate HOLLIS appeared before Salinas Valley State Prison's (SVSP's) Administrative Segregation Unit (ASU) Institutional Classification Committee (ICC) today for his Program Review. HOLLIS stated that his health was good and was willing to proceed. HOLLIS received his 72-hour notice for the purpose of this review. Prior to committee reviewing and discussing this case, HOLLIS was introduced to the committee members.

According to HOLLIS' CDC 114D, he was placed into SVSP's ASU on 12/5/2006 for: Threatening Staff. The RVR has been adjudicated and HOLLIS was found guilty as charged. ICC action dated 3/8/07 assessed a 9 month SHU term with MERD 6/24/07 for that offense. ICC notes that HOLLIS has been found guilty of 2 additional Serious RVR's (RVR dated 2/21/07 'Willfully Obstructing a Peace Officer' and RVR 3/26/07 'Disrespect to Staff'). ICC elects to adjust HOLLIS' SHU MERD by 2 month and 7 days due to the subsequent misconduct. ICC notes that HOLLIS' new MERD is 9/1/07 (MAX SHU date). ICC elects to retain HOLLIS in ASU pending Pre-MERD review. ICC notes that HOLLIS' WG/PG was assesed at D2/D by ICC action dated 3/8/07. The ICC action noted that WG/PG D2/D was to continue after the amount of credit loss for the assessed SHU term due to being deemed a program failure. HOLLIS has been found guilty of 3 Serious RVR's in the last 6 month. HOLLIS continues to meet criteria for program failure as defined in the CCR Title 15, 3000 (Definitions). ICC elects to continue WG/PG D2/D based on being deemed a program failure (CCR Title 15, 3044 (b) (7) (C) .Inmate HOLLIS was informed that he may, after 30 days, rerquest in writing to his assigned counselor to be removed from WG/PG D2/D. HOLLIS will be scheduled for committee within 30 days of receipt of witten request, to have his WG/PG D2/D reviewed.

Based upon a review of HOLLIS' CDC 114D, Central File, case factors, and through discussion with him, committee elects to: Adjust approved SHU term MERD to 9/1/07 due to subsequent misconduct, Retain in ASU pending Pre-MERD review, Continue MAX Custody, WG/PG D2/D effective 12/1/06, 2x Cell, ASU W/A Yard, Psych is CCCMS, S/A K. Mensing, CCI. At the conclusion of this review, HOLLIS was informed of his Appeal Rights with regards to this committee's actions. HOLLIS acknowledged his understanding and agreement with committee's actions.

### STAFF ASSISTANT

Assigned: (Issues complex and/or Inmate participant in MHSDS) SA Present: K. Mensing, CCI

### INMATE CASE FACTORS

| CUSTODY | CS/LEVEL | WG/PG & EFF. DATE | RELEASE DATE | GPL | RECLASS | ETHNIC | PSYCH - DATE 128C | NEXT BPT & DATE |
|---------|----------|-------------------|--------------|-----|---------|--------|-------------------|-----------------|
| MAX | 433/IV | D2D - 12/1/2006 | MEPD 7/2/2082 | 8 (R) | 5/17/2008 | BLA | CCCMS 1/25/2006 | DOC #1  7/2010 |

### COMMITTEE MEMBERS

| CHAIRPERSON | MEMBERS | RECORDER |
|---|---|---|
| | B. Rankin, FC     Dr. Orling, Mental Health | |
| M. Moore, CDW (A) | | A. Meden, CCII (Sup) |

Committee Date: 5/17/2007              **PROGRAM REVIEW**              Committee: D051707PPN2

Typed By: AKM - Distribution: C-File & Inmate          **SALINAS VALLEY STATE PRISON**          Classification Chrono CDC 128G (Rev: 1/05)

Look at date of RVR hearing. I.C.C. members told the LT, To find me guilty to support their predetermined Arbitrary Actions against me. I.c.c. ken about this (RVR) but did not put the date IN the 128(G) cause of this 602.

DISPO Officers

RECEIVED

SEP 1 8 2007

AW;CUMPLEX N

Salinas Valley State Prison
Inmate Appeals Office

## MODIFICATION ORDER

August 28, 2007    9/10/07

Second / Third
Mod Order # 07·05Lp

**CA2**

RE: HOLLIS, E37508
    D8/220
    SVSP-D-07-02525
    DISCIPLINARY



SVSP INMATE APPEALS OFFICE
RECEIVED COMPLETED RESPONSE ON
Mod order
OCT 1 2 2007

1ST LVL ☒    2ND LVL ☐

Please be informed that as a result of a **Level II** Decision, the above referenced
appeal has been **GRANTED IN PART**. Please complete this modification order to
comply with the decision.

**DUE DATE: 09/26/2007** 10/10/07

REISSUE AND REHEAR RVR

IN ACCORDANCE WITH TITLE 15, CALIFORNIA CODE OF REGULATIONS,
SECTION 3312(b)(1), RULE VIOLATION REPORT D/07/04/0070, DATED 04/16/07
FOR "WILLFULLY OBSTRUCTING A PEACE OFFICER" IS ORDERED RETYPED
AND REISSUED. ENSURE THAT THE DATE OF THE REHEARING ORDER IS
INCLUDED IN THE BODY OF THE RULE VIOLATION REPORT, INCLUDING THE
NAME OF THE CDO ORDERING THE REHEARING. A NEW SENIOR HEARING
OFFICER (SHO) SHALL BE ASSIGNED TO THIS MATTER AND ENSURE THAT
ALL PROCEDURAL DUE PROCESS RIGHTS ARE AFFORDED THE INMATE AS
PROVIDED IN TITLE 15, DIVISION 3.

The modification was completed in the following manner:

On 9/19/07, in accordance with this
Mod. Order, this RVR was ~~first~~ ordered Reissued
Rehear by C.D.O. G. LEWIS. The New Log Number
is FD-07-09-0049R. On 9-27-07 RVR # FD0709-0049R
was reduced to a CDCR 128-A.

(You must attach a copy of any documents proving compliance, such as CDC Form
128-G, Classification Chrono; CDC Form 128-C, Medical Chrono; CDC Form 115,
Rules Violation Report, etc.)

Certified as completed by:

S. Celaya _____     C/O _____     D Facility _____
Name (Signed)                    Title                        Location

S. celaya _____     10-2-07 _____
Name (Printed)                   Date

# Memorandum

Date:   July 17, 2007

To:     Inmate HOLLIS, E37508
        Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-D-07-02525

### ISSUE:

The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log # D-07-04-0070 dated 04/16/07 for "Willfully Obstructing a Peace Officer." Appellant claims he was not afforded a fair and impartial hearing.  Appellant alleges Correctional Officer Schlitz fabricated his Investigative Employee (IE) report.  Appellant stated he was disallowed witnesses and disallowed the Reporting Employee as a witness. Appellant claims he was not issued the IE report 24 hours prior to the hearing. Appellant claimed there was no evidence with which to sustain the finding of guilt. Appellant asserts the Senior Hearing Officer (SHO) conspired with unnamed members of an Institution Classification Committee (ICC) in order to retaliate and harass him. The appellant claims the Chief Disciplinary Officer (CDO) abused his authority when he affirmed the RVR.

Appellant requests dismissal of the RVR and all references to it be removed from his C-File.

### REGULATIONS:  The rules governing this issue are:

CCR 3005 Conduct
CCR 3315 Serious Rule Violations
CCR 3320 Hearing Procedures and Time Limitations

### SUMMARY OF INVESTIGATION:

The First Level of Review was bypassed per CCR 3084.5(b). T. Variz, Appeals Coordinator was assigned to investigate this appeal at the Second Level of Review. All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented by the appellant and evaluated in accordance with Salinas Valley State Prison Operational Procedures (OP); the CCR; and the Departmental Operations Manual (DOM).

A review of the RVR indicates that appellant was charged with CCR 3005, for the specific act of "Willfully Obstructing a Peace Officer."

The charge was classified as a Division "D" offense.  The discovery date of the RVR was 04/16/07.

Appellant received his copy of the RVR on 04/18/07, which was within fifteen (15) days of the discovery.

The RVR was not referred to the Monterey County District Attorney (DA) prosecution.

Inmate HOLLIS, E37508
**Case No. SVSP-D-07-02525**
**Page 2**

The RVR reflects that he attended the disciplinary hearing held on 05/18/07, and pled "Not Guilty" to the charge.

The hearing was held within thirty (30) days from the date that appellant was provided a copy of the RVR. The SHO determined a guilty finding, and assessed ninety (90) days credit loss forfeiture, as a result of lost time constraints.

Other time constraints related to the RVR were met; all copies of evidence were issued 24 hours prior to the hearing, and appellant was afforded all due process rights with regards to witnesses.

Appellant was a participant in the Mental Health Services Delivery System at the Correctional Clinical Case Management System (CCCMS) level of care. The SHO noted the circumstances of the RVR did not indicate that Inmate Hollis exhibited any bizarre behavior that would raise concerns about his mental health. At the hearing, Inmate Hollis did not demonstrate any strange, bizarre, or irrational behavior. Based on this and recent changes approved by the U.S. District Court on COLEMAN, a mental health assessment was not initiated.

A Staff Assistant was not assigned per CCR 3315 (d)(2)(A). An Investigative Employee (IE) was assigned.

The appellant's attachments and filing has been reviewed. This review will not address the appellant's specific issues as it is determined the RVR shall be ordered reissued. This reissuance is the result of the appellant's documented request within the RVR that the Reporting Employee be present as a witness and the SHO documented that she denied the Reporting Employee as a witness. The appellant has a right to have the Reporting Employee present as a witness if requested.

<u>DECISION</u>: The appeal is Partially Granted.  **MODIFICATION ORDER REQUIRED:**

**MODIFICATION ORDER:** In accordance with Title 15, California Code of Regulations Section 3312(b)(1), Rule Violation Report D-07-04-0070, dated 04/16/07 for "Willfully Obstructing a Peace Officer" is ordered retyped and reissued. Ensure that the date of the rehearing order is included in the body of the Rule Violation Report, including the name of the CDO ordering the rehearing. A new Senior Hearing Officer (SHO) shall be assigned to this matter and ensure that all procedural due process rights are afforded the inmate as provided in Title 15, Division 3.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

G. A. NEOTTI
Chief Deputy Warden
Salinas Valley State Prison

FACILITY 'D'

# NOTICE OF ACTION

Date: _____ SEPTEMBER 27, 2007 _____

## To: CORRECTIONAL ADMINISTRATOR, COMPLEX II

**Disciplinary CDCR-115 Log #:** ~~FD-07-04-0070R~~  FD-07-09-0049R

**Inmate Name:** _____ HOLLIS _____ **CDCR #:** __ F-37508 __

☐  CDCR-115 **VOIDED** / **DISMISSED** (Circle One) on this date _____ for the
following reasons: _____.
(Disciplinary Log must show this action as Voided and include Facility Captain's signature)

☒  Reduce to ~~CDCR-128A~~ / ~~CDCR-128B~~ (Circle One) on this date ___ 09/27/07 _____ for the
following reasons: RVR REDUCED TO CDCR-128A PER CAPTAIN B.F. RANKIN _____.
(Once it has been Classified, this must be approved by Facility Captain's signature)

☐  **Postponed pending D.A.:**
    Date referred to D.A.: _____
    Incident Package Log #: _____
    Date I/M signed D.A. Postponement Request: _____
    D.A. Contact Date: _____ Current Status: _____
    D.A. Contact Date: _____ Current Status: _____
    (If the Inmate does not request Postponement in writing, there is no postponement)

☐  **Inmate Transferred to another Institution:**
    Name of Institution: _____ Date of Transfer: _____
    Date Memo sent to new Institution requesting Hearing: _____
    Date follow up contact: _____ Name of contact: _____
    Date follow up contact: _____ Name of contact: _____

☐  **OTHER:** _____
_____
_____


_R. Fits LT._____                    _10/2/07_____
Disciplinary Officer's Signature                  Date
D.J. CAPLAN

_____                         _10-2-07_____
Facility Captain's Signature                      Date
B.F. RANKIN

_____                         _10/2/07_____
Chief Disciplinary Officer's (CDO) Signature      Date
G.D. LEWIS, CDO

STATE OF CALIFORNIA                                           CALIFORNIA DEPARTMENT OF CORRECTIONS and REHABILITATION
                                                                                               CDCR-128A (7-05)

**NAME and NUMBER**          **HOLLIS**              **E-37508**

                                            07-09-0049 R
On 09/19/07, RVR Log #FD-07-04-0070R, was ordered Reissue/Rehear, however, on 09/27/07, this RVR is being reduced to
CDCR-128A per Facility "D" Captain B.F. Rankin.


On April 15, 2007, at approximately 1015 hours, while performing Administrative Segregation rounds in D-8 "B" pod, and being
escorted by Officer J. Castellanos, Inmate HOLLIS (E-37508) requested Psych Tech D. Herrick to stop at his cell door to talk to
her by yelling out, "Hey, Psych Tech, come here!".  At this time Psych Tech D. Herrick responded to the call and stopped in front
of HOLLIS' door and when Psych Tech D. Herrick asked him what he wanted, he looked at Psych Tech D. Herrick with an
aggressive affect and yelled, "Listen, you fat, fucking bitch!"  Causing for other Inmates in the pod to laugh and yell obscenities
out their cell.  HOLLIS continued actions caused the other to continue yelling which necessitated Psych Tech D. Herrick to stop
the Psych rounds in "B" Pod and continue to "C" Pod.  Inmate HOLLIS actions delayed Psych rounds in "B" Pod for
approximately 15 minutes, to allow the yelling to stop so Psych round could be continued.


Original: C-File
     cc: Inmate                                          D.J. Caplan, Correctional Lieutenant
         CC-II for CC-I                                  Facility "D" Program 2nd/W
         Visiting Sergeant                               Salinas Valley State Prison
         Writer

**DATE: 09/27/07**          **RVR REDUCED TO CDCR-128A PER CAPTAIN RANKIN**          **SVSP**

STATE OF CALIFORNIA -DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



October 23, 2007

Appeals Coordinator
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

RE:  HOLLIS, MARVIN, E37508,
     IAB# 0708619, Institution Log# SVSP-07-02525, DISCIPLINARY

To the SVSP Appeals Coordinator:

The Director's Level Inmate Appeals Branch needs your assistance in resolving this inmate appeal which has been screened back to you for further action.

The action granted by the appeal decision has apparently not yet been accomplished.  Please expedite.

The appellant claims that the second level order (to reissue and rehear the RVR) has not yet been completed.  Please evaluate and respond to the appellant.  Thank you.

N. GRANNIS, Chief
Inmate Appeals Branch

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



February 25, 2008

HOLLIS, MARVIN, E37508
High Desert State Prison
P.O. Box 270220
Susanville, CA  96127

RE: IAB# 0719129    SVSP-07-04624   DISCIPLINARY

Mr. HOLLIS:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

The Second Level of Review is considered the department's final action in regard to CDC Form 128-A, Custodial Chronos.

*N. Grannis signature*

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

INMATE/PAROLEE
APPEAL FORM
CDC 602 (12/87)

1. Location: Institution/Parole Region  SVSP  d   Log No. 07. 04654  Category  1
                                                                    COW/variz 2nd

2. _____   2. _____

You may appeal any policy, action or decision which has significant adverse affect upon you. With the exception of Serious 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeal Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

128 A

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| MARVIN HOLLIS | E-37508 | Ad/ SCG | D-8-220 |

A. Discuss Problem: This complaint is filed against Salinas Valley State Prison (LPT) D. Herrick, senior hearing officer, and investigating employee relative to (RVR) FD-07-04-0070 and FD-07-04-0049R. The reporting employee falsely charged me with Rule violation and the senior hearing officer falsely found me guilty with out due process in retaliation and reprisal for my prior use of the grievance procedure and being a jailhouse lawyer. The investigating employee falsified the I.E. Report conspiring with the hearing officer to find me guilty. My due process rights were violated and the hearing was not fair and impartial. On 10-2-07 the rules (See Attachment)

If you need more space, attach on additional sheet.

A. Action requested: Allowed to exhaust my administrative remedy and for the 128-A to be voided and taken out my central file. That all lost time credits be restored and privileges relative to RVR#FD-07-04-0070. For RVR#FD-07-04-0070 to be reissued rehard as ordered affording me all due process rights.

RECD OCT 1 8 2007

Inmate/Parolee Signature: Marvin Hollis      RECD OCT 2 2 2007   Date Submitted: 10-8-07

B. INFORMAL LEVEL (Date Received            )

Staff Response:                                          REC'D OCT 1 8 2007

BYPASS

Staff Signature:                                    Date Returned to Inmate:

C. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigators Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for procession within 15 days of receipt of response.

BYPASS

Signature: _____                              Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control Form BC-1E, Inmate Claim                          CDC Appeal Number:

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E.    REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____    Due Date: _____

Interviewed by: _____

# BYPASS

gnature: _____    Title: _____    Date Completed: _____
n Head Approved:    Returned
ire: _____    Title: _____    Date to Inmate: _____

dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15
days of receipt of response.

# BYPASS

Signature: _____    Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____

G.    REVIEWER'S ACTION (Complete within 10 working days): Date assigned: $10$-$23$-$07$    Due Date $12$.$6$-$0$
☒ See Attached Letter

**DELIVERED DEC 1 2 2007**

Signature: _____    Date Completed: $12$-$5$$\partial$

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H.    If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt
response.
DISSATiSFiEd! The ACTiON Requested has NOT beeN gRANTed, Thus I
Request to exhaust my AdmiNiSTRATiVe Remedy. This Appeal was
deLivered to me PRom (SVSP) to (HDSP) through OBIS. I Received the
Appeal ON $12$-$27$-$07$ And Submitted the Appeal the SAme dAy
withiN 15 dAys.

Signature: _Marvin Hollis_    Date Submitted: $12$-$27$$t$

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

0719129

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter
Date: _____

CDC 602 (12/87)

* (continued from section (A)) *

violation was reduced inappropriately by captain B. RANKIN, to a 128-A and condoned by (CDO) in a attempt to cover up the issues raised and to speed up my transfer process so (CSR) can approve my transfer in retaliation for my prior use of the grievance procedure and being a jailhouse lawyer. I was not provided with a copy of the 128-A allegedly authored by D. HERRICK, nor did D. HERRICK, write a 128-A against me. Non of my privileges or credits were restored nor was the RVR reissued reheard as ordered by the warden or his designee. I have suffered an atypical significant hardship relative to RVR# FD-07-04-0070. The infringement upon my 1st Amendment Right had a chilling effect and did not serve a penological interest or institutional goals.

State of California                                                    Department of Corrections and Rehabilitation

# Memorandum

Date:    December 5, 2007

HDSP

To:    Inmate HOLLIS, E37508
       Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-D-07-04624

### ISSUE:

The appellant is submitting this appeal relative to CDCR Form 128A, dated
09/27/07for "Disrespect to Staff/Conduct." Appellant denies the charges and
claims he was issued the 128A as a reprisal for being a "jail house lawyer."

Appellant requests to exhaust his administrative remedies. Appellant requests
removal of the 128A from his C-File. Appellant requests restoration of the credit
and privileges forfeited from RVR D07-04-0070

**REGULATIONS**: The rules governing this issue are:

CCR 3312 Disciplinary Methods

### *SUMMARY OF INVESTIGATION:*

T. Variz, Appeals Coordinator, was assigned to investigate this appeal at the
Second Level of Review. The First Level of Review was bypassed per CCR
3084.5(b). All submitted documentation and supporting arguments have been
considered. Additionally, a thorough examination has been conducted regarding
the claim presented by the appellant and evaluated in accordance with Salinas
Valley State Prison Operational Procedures (OP); the CCR; and the
Departmental Operations Manual (DOM).

The appellant's filing and attachments have been reviewed. The appellant's
appeal is regarding the issuance of the informational chrono and it was
appropriately processed as such and does not meet the criteria for a staff
complaint. The appellant alleged staff misconduct in that he asserted the staff
reports were falsely written. This appeal was discussed with the SVSP Hiring
Authority per AB 05/03 and the SVSP Hiring Authority determined this issue did
not rise to the level of a staff complaint and assigned as a disciplinary appeal.
The appellant was not issued the original RVR and subsequent 128A in
retaliation for his use of the appeals process or for his claim of being a "jail
house lawyer." The appellant's assertions are unfounded and without merit.
The appellant failed to support his assertions with any type of evidence or
substantiation.

**Inmate HOLLIS, E37508**
**Case No. SVSP-D-07-04624**
**Page 2**

The appellant's requests with regard to RVR D-07-04-0070 is moot as the RVR was reduced to a 128A Disciplinary Chrono and the original RVR was voided. This review finds that the employee properly documented minor misconduct as required by regulations.

**DECISION**: The appeal is Denied.

The appellant is advised that this issue may *not* be submitted for a Director's Level of Review. This 2nd level response provides the Department's final review for a CDC 128A, counseling chrono appeal.

G.A. NEOTTI
Chief Deputy Warden
Salinas Valley State Prison

STATE OF CALIFORNIA                                   CALIFORNIA DEPARTMENT OF CORRECTIONS and REHABILITATION

CDCR-128A (7-05)

**NAME and NUMBER**          **HOLLIS**                **E-37508**

07-09-00491 R

On 09/19/07, RVR Log #FD-~~07-04-0070R~~, was ordered Reissue/Rehear, however, on 09/27/07, this RVR is being reduced to CDCR-128A per Facility "D" Captain B.F. Rankin.

On April 15, 2007, at approximately 1015 hours, while performing Administrative Segregation rounds in D-8 "B" pod, and being escorted by Officer J. Castellanos, inmate HOLLIS (E-37508) requested Psych Tech D. Herrick to stop at his cell door to talk to her by yelling out, "Hey, Psych Tech, come here!". At this time Psych Tech D. Herrick responded to the call and stopped in front of HOLLIS' door and when Psych Tech D. Herrick asked him what he wanted, he looked at Psych Tech D. Herrick with an aggressive affect and yelled, "Listen, you fat, fucking bitch!" Causing for other Inmates in the pod to laugh and yell obscenities out their cell. HOLLIS continued actions caused the other to continue yelling which necessitated Psych Tech D. Herrick to stop the Psych rounds in "B" Pod and continue to "C" Pod. Inmate HOLLIS actions delayed Psych rounds in "B" Pod for approximately 15 minutes, to allow the yelling to stop so Psych round could be continued.

Original: C-File
    cc: Inmate
        CC-II for CC-I
        Visiting Sergeant
        Writer

D.J. Caplan, Correctional Lieutenant
Facility "D" Program 2nd/W
Salinas Valley State Prison

**DATE: 09/27/07**          **RVR REDUCED TO CDCR-128A PER CAPTAIN RANKIN**          **SVSP**

FACILITY 'D'

# NOTICE OF ACTION

**Date:** ___SEPTEMBER 27, 2007___

**To: CORRECTIONAL ADMINISTRATOR, COMPLEX II**

**Disciplinary CDCR-115 Log #:** ~~FD-07-04-0070R~~  FD-07-09-0049R

**Inmate Name:** ___HOLLIS___    **CDCR #:** ___E-37508___

☐  CDCR-115 **VOIDED  /  DISMISSED** (Circle One) on this date _____ for the
following reasons: _____.
(Disciplinary Log must show this action as Voided and include Facility Captain's signature)

☒  Reduce to **CDCR-128A / CDCR-128B** (Circle One) on this date ___09/27/07___ for the
following reasons: ___RVR REDUCED TO CDCR-128A PER CAPTAIN B.F. RANKIN_____.
(Once it has been Classified, this must be approved by Facility Captain's signature)

☐ **Postponed pending D.A.:**
   Date referred to D.A.: _____
   Incident Package Log #: _____
   Date I/M signed D.A. Postponement Request:_____ _____
   D.A. Contact Date: _____ Current Status: _____
   D.A. Contact Date: _____ Current Status: _____
(If the Inmate does not request Postponement in writing, there is no postponement)

☐ **Inmate Transferred to another Institution:**
   Name of Institution: _____ Date of Transfer: _____
   Date Memo sent to new Institution requesting Hearing: _____
   Date follow up contact: _____ Name of contact: _____
   Date follow up contact: _____ Name of contact: _____

☐ **OTHER:**_____
_____
_____


_R. Foots LT._ _____         ___10/2/07___
Disciplinary Officer's Signature              Date
D.J. CAPLAN

_____         ___10-2-07___
Facility Captain's Signature                  Date
B.F. RANKIN

_____         ___10/2/07___
Chief Disciplinary Officer's (CDO) Signature    Date
G.D. LEWIS, CDO

## PROOF OF SERVICE BY MAIL

### BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, _MARVIN GLENN HOLLIS_ , declare:

I am over 18 years of age and a party to this action.  I am a resident of _High_
_desert state_ Prison,

in the county of _LASSEN_ ,

State of California.  My prison address is: _P.O. BOX 3030_
_SUSANVILLE, CALIF, 96127_

On _JUNE 15, 2008_ ,
(DATE)

I served the attached: _42 U.S.C (1983) civil complAint_
_with (3) ATTAched (CDC3R) 3rd level of Appeals exhausted_.
(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope,

with postage thereon fully paid, in the United States Mail in a deposit box so provided at the

above-named correctional institution in which I am presently confined.  The envelope was

addressed as follows: _United states northern Dist. court_
_450 Golden Gate Ave._
_SAN FRANCISCO, CA, 94102_

I declare under penalty of perjury under the laws of the United States of America that the

forgoing is true and correct.

Executed on _6-15-08_
(DATE)                          _Marvin Glenn Hollis_
                                (DECLARANT'S SIGNATURE)

F:\COMMON\CSAFORMS\P_PRES\VC.WPD August 21, 2000 (2.11pm)

MARVIN HOLLIS E-37508
High desert state PRISON
P.D. BOX 3030, C-8-127
SUSANViLLE, CALiF, 96127

united state s

450 Go

SAN FRANC

STATE PRISON

PRIORITY MAIL
UNITED STATES POSTAL SERVICE
www.usps.com

Label 107R, February 2006

"LEGAL MAiL"



NORTHERN DISTRICT COURT OF CALIFORNIA

__den GATE AVE.

SCO, CALIF, 94102

RECEIVED

JUN     2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
THERN DISTRICT OF CALIFORNIA