IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARVIN G. HOLLIS,

        Plaintiff,

    v.

DEBRA HERRICK, L.P.T., et. al.,

        Defendant(s).

No. C 08-3154 TEH (PR)

ORDER OF SERVICE

I

    Plaintiff Marvin Hollis, a prisoner currently incarcerated at High Desert State Prison ("H.D.S.P.") in Susanville, California, filed this pro se civil rights Complaint under 42 U.S.C. § 1983 alleging that Salinas Valley State Prison ("S.V.S.P.") Licensed Psychiatric Technician Debra Herrick violated his First Amendment rights while he was incarcerated at that facility by falsely accusing him of a rules violation in retaliation for his use of the inmate administrative grievance system. In addition to Herrick, Plaintiff names various officials at S.V.S.P. as Defendants, including Correctional Officer D. Schlitz and Correctional

Lieutenant T. Selby, whom Plaintiff alleges assisted Herrick in her efforts to retaliate against him.  Plaintiff seeks damages and declaratory relief.

## II

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pleadings filed by pro se litigants, however, must be liberally construed.  Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

## III

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such

2

action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). The right of access to the courts extends to the exercise of established prison grievance procedures, Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), such that a prisoner may not be retaliated against for using such procedures. Rhodes, 408 F.3d at 567; Bruce v. Ylst, 351 F3d 1283, 1288 (9th Cir. 2003).

Here, Plaintiff alleges that on April 16, 2007, S.V.S.P. Licensed Psychiatric Technician Debra Herrick filed a false rules violation report in retaliation against him for his use of the inmate administrative grievance system. According to Plaintiff, Herrick filed the rules violation report because Plaintiff "informed [] Herrick that he was going to file a complaint against her for her unprofessionalism towards [him] and neglect of responsibility and duties." Doc. # 1 at 3. Plaintiff filed a complaint against Herrick on April 18, 2007, two days after she filed the allegedly false rules violation report. Id. Plaintiff further alleges that Correctional Officer D. Schlitz and Correctional Lieutenant T. Selby assisted Herrick in her acts of retaliation against Plaintiff. Doc. # 1 at 4-5.

Liberally construed, Plaintiff's allegations appear to state a cognizable retaliation claim under § 1983 and Defendants S.V.S.P. Licensed Psychiatric Technician Debra Herrick, Correctional Officer D. Schlitz, and Correctional Lieutenant T. Selby, will be served. See Rhodes, 408 F.3d at 567-68.

3

**IV**

For the foregoing reasons and for good cause shown:

1. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the Complaint in this matter, all attachments thereto, and copies of this Order on S.V.S.P. Licensed Psychiatric Technician Debra Herrick, Correctional Officer D. Schlitz, and Correctional Lieutenant T. Selby.  All other parties named as Defendants are DISMISSED.  The Clerk also shall serve a copy of this Order on Plaintiff.

2. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than 90 days from the date of this Order, Defendant shall file a Motion for Summary Judgment or other dispositive motion.  A Motion for Summary Judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, he shall so inform the Court prior to the date his motion is due.  All papers filed with the Court shall be served promptly on Plaintiff.

   b. Plaintiff's Opposition to the dispositive motion shall be filed with the Court and served upon Defendant no later than 30 days after Defendant serves Plaintiff with the motion.

   c. Plaintiff is advised that a Motion for Summary

4

1 Judgment under Rule 56 of the Federal Rules of Civil Procedure will,
2 if granted, end your case.  Rule 56 tells you what you must do in
3 order to oppose a Motion for Summary Judgment.  Generally, summary
4 judgment must be granted when there is no genuine issue of material
5 fact - that is, if there is no real dispute about any fact that
6 would affect the result of your case, the party who asked for
7 summary judgment is entitled to judgment as a matter of law, which
8 will end your case.  When a party you are suing makes a motion for
9 summary judgment that is properly supported by declarations (or
10 other sworn testimony), you cannot simply rely on what your
11 Complaint says.  Instead, you must set out specific facts in
12 declarations, depositions, answers to interrogatories, or
13 authenticated documents, as provided in Rule 56(e), that contradict
14 the facts shown in Defendant's declarations and documents and show
15 that there is a genuine issue of material fact for trial.  If you do
16 not submit your own evidence in opposition, summary judgment, if
17 appropriate, may be entered against you.  If summary judgment is
18 granted, your case will be dismissed and there will be no trial.
19 Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App
20 A).

21      Plaintiff also is advised that a Motion to Dismiss for
22 failure to exhaust administrative remedies under 42 U.S.C. §
23 1997e(a) will, if granted, end your case, albeit without prejudice.
24 You must "develop a record" and present it in your Opposition in
25 order to dispute any "factual record" presented by the Defendant in
26 his Motion to Dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14

5

(9th Cir. 2003).

    d. Defendant shall file a Reply Brief within 15 days of the date on which Plaintiff serves him with the Opposition.

    e. The motion shall be deemed submitted as of the date the Reply Brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

  3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

  4. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

  5. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

  IT IS SO ORDERED.

DATED  04/06/09     *[signature]*
             THELTON E. HENDERSON
             United States District Judge

G:\PRO-SE\TEH\CR.08\Hollis-08-3154-order of service.wpd

6