

FILED
APR 29 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN G. HOLLIS, | No. C 08-3154 TEH (PR) |
| Plaintiff, | |
| v. | SECOND ORDER OF SERVICE |
| DEBRA HERRICK, L.P.T., et. al., | |
| Defendant(s). | (Doc. #6) |

I

Plaintiff Marvin Hollis, a prisoner currently incarcerated at High Desert State Prison ("H.D.S.P.") in Susanville, California, filed a pro se civil rights Complaint under 42 U.S.C. § 1983 alleging that Salinas Valley State Prison ("S.V.S.P.") Licensed Psychiatric Technician Debra Herrick violated his First Amendment rights while he was incarcerated at that facility by falsely accusing him of a rules violation in retaliation for his use of the inmate administrative grievance system. In addition to Herrick, Plaintiff named various officials at S.V.S.P. as Defendants, whom Plaintiff alleges assisted Herrick in her efforts to retaliate

against him. Per order filed on April 7, 2009, the Court found that, liberally construed, Plaintiff's allegations appeared to state a cognizable retaliation claim under § 1983 and ordered the United States Marshall to serve Defendants S.V.S.P. Licensed Psychiatric Technician Debra Herrick, and correctional officers D. Schlitz and T. Selby. The Court further ordered Defendants to file a dispositive motion on or before July 7, 2009.

On April 16, 2009, Plaintiff filed a "Motion or Request to Alter or Amend the Judgment and Request for Reconsideration," Doc. #6, which the Court construes as a Motion for Reconsideration and GRANTS. Upon further review of Plaintiff's Complaint and all attachments thereto, the Court agrees that, liberally construed, Plaintiff's allegations against S.V.S.P. Captain B. F. Rankin also appear to state a cognizable retaliation claim under § 1983, and he will be served.

II

For the foregoing reasons and for good cause shown:

1.  The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the Complaint in this matter, all attachments thereto, and copies of this Order on S.V.S.P. Captain B. F. Rankin. The Clerk also shall serve a copy of this Order on Plaintiff.

2.  In order to expedite the resolution of this case, the Court orders as follows:

    a.  No later than July 7, 2009, Defendant shall file

2

a Motion for Summary Judgment or other dispositive motion. A Motion for Summary Judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, he shall so inform the Court prior to the date his motion is due. All papers filed with the Court shall be served promptly on Plaintiff.

   b. Plaintiff's Opposition to the dispositive motion shall be filed with the Court and served upon Defendant no later than 30 days after Defendant serves Plaintiff with the motion.

   c. Plaintiff is advised that a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a Motion for Summary Judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your Complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict

the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

Plaintiff also is advised that a Motion to Dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your Opposition in order to dispute any "factual record" presented by the Defendant in his Motion to Dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

    d. Defendant shall file a Reply Brief within 15 days of the date on which Plaintiff serves him with the Opposition.

    e. The motion shall be deemed submitted as of the date the Reply Brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

4. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

4

5. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED   4/27/09

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.08\Hollis-08-3154-order of service-2.wpd

5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN GLENN HOLLIS,<br><br>    Plaintiff,<br><br>v.<br><br>D. HERRICK et al,<br><br>    Defendant.<br>_____/ | Case Number: CV08-03154 TEH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 29, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Marvin G. Hollis #E-37508
High Desert State Prison
P.O. Box 3030, C-8-127
Susanville, CA 96127

Dated: April 29, 2009

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk